UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 18-024-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 19-327-DCR |
| ) | |
| ADAM HALL, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

Defendant/Movant Adam Hall filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and that he should be granted relief under *Rehaif v. United States*. [Record No. 29] The matter was referred to United States Magistrate Judge Matthew Stinnett for a recommendation in accordance with 28 U.S.C. § 636. Magistrate Judge Stinnett held an evidentiary hearing and issued a Report and Recommendation, recommending that Hall's § 2255 motion be denied. [Record No. 49]

This Court must make a *de novo* determination of those portions of the magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In the present case, Hall did not file any timely objections to the magistrate judge's recommendation. However,

notwithstanding that failure, the Court has fully considered the matter *de novo* in this case and concludes that Hall's § 2255 motion should be denied.

I.

Hall was charged as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possessing an explosive after being convicted of a crime punishable by more than one year in violation of 18 U.S.C. § 842(i) (Count 2). [Record No. 1] He pleaded guilty to Count 1 and was sentenced to a term of imprisonment of 120 months. [Record No. 24] His guideline range was 120 months to 150 months; however, his sentence was limited by a statutory maximum term of 120 months imprisonment. [Record No. 33] He did not file an appeal.

Hall was represented by Attorney Mary Ann Leichty throughout the course of this matter. Hall's § 2255 motion alleges that Leichty was ineffective because she failed to file a notice of appeal. [Record No. 29] He asserts that Leichty did not consult with him about filing an appeal and refused to answer phone calls regarding an appeal. [Record No. 29-1, p. 4] Hall next claims that his sentence was improperly calculated and his counsel did not object to the Presentence Report ("PSR"), which drove his sentence to the "maximum." [*Id.* at 4-5] He further asserts there was no explanation for his sentence. Finally, Hall argues that he did not know that he was convicted felon, and, therefore, his case falls within the decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

An evidentiary hearing was held before Magistrate Judge Stinnett on February 10, 2020. [Record No. 46] During the hearing, attorney Andy Stephens presented a letter written four days after the sentencing date from Leichty to Hall stating, "[a]s we discussed

previously, unless you direct me to appeal your case or you do so yourself by notifying the Court Clerk, within 14 days after your sentencing, this will officially end my representation of you in this matter." [Record No. 48, pp. 3-4] Initially, Hall denied receiving the letter but did state that he had received everything else she had sent him. [Record No. 48, pp. 9, 21-22] He affirmed during cross-examination that he discussed his plea agreement and the guideline calculations with Leichty. [Record No. 48, p. 25] At the end of cross-examination, Hall stated that he was withdrawing his motion, he was "over it," and ready to go back to prison. [Record No. 48, pp. 28-29] He also then admitted he did not tell Leichty to file a notice of appeal.

The United States called Leichty to testify during the hearing before the magistrate judge. She testified that she reviewed discovery with Hall and discussed the facts surrounding his case. [Record No. 48, pp. 31-32] Leichty also noted that she explained the guideline range with him and the choice of whether to go to trial or seek a plea agreement. [*Id*.] She also testified that she discussed the option to appeal and the appellate waiver language in his plea agreement. [*Id*.] Leichty stressed that she advised Hall of the fourteen-day window to appeal his case if he chose to do so. [*Id*. at 42] She affirmed that she sent him a letter advising him of his appellate rights. [*Id*. at 43] She also denied ever receiving a phone call from Hall during the course of his representation. [*Id*.] Finally, Leichty testified that Hall never requested she file an appeal on his behalf.

Magistrate Judge Stinnett recommended that the Court deny Hall's § 2255 motion because Leichty did not provide ineffective assistance of counsel. [Record No. 49] Hall did

previously, unless you direct me to appeal your case or you do so yourself by notifying the Court Clerk, within 14 days after your sentencing, this will officially end my representation of you in this matter." [Record No. 48, pp. 3-4] Initially, Hall denied receiving the letter but did state that he had received everything else she had sent him. [Record No. 48, pp. 9, 21-22] He affirmed during cross-examination that he discussed his plea agreement and the guideline calculations with Leichty. [Record No. 48, p. 25] At the end of cross-examination, Hall stated that he was withdrawing his motion, he was "over it," and ready to go back to prison. [Record No. 48, pp. 28-29] He also then admitted he did not tell Leichty to file a notice of appeal.

The United States called Leichty to testify during the hearing before the magistrate judge. She testified that she reviewed discovery with Hall and discussed the facts surrounding his case. [Record No. 48, pp. 31-32] Leichty also noted that she explained the guideline range with him and the choice of whether to go to trial or seek a plea agreement. [*Id*.] She also testified that she discussed the option to appeal and the appellate waiver language in his plea agreement. [*Id*.] Leichty stressed that she advised Hall of the fourteen-day window to appeal his case if he chose to do so. [*Id*. at 42] She affirmed that she sent him a letter advising him of his appellate rights. [*Id*. at 43] She also denied ever receiving a phone call from Hall during the course of his representation. [*Id*.] Finally, Leichty testified that Hall never requested she file an appeal on his behalf.

Magistrate Judge Stinnett recommended that the Court deny Hall's § 2255 motion because Leichty did not provide ineffective assistance of counsel. [Record No. 49] Hall did

not file any timely objections following the filing of the magistrate judge's Report and Recommendation.

II.

A movant must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid" to succeed on a § 2255 claim. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003).

A defendant receives ineffective assistance of counsel when defense counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley,* 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Wynn,* 663 F.3d 845, 851 (6th Cir. 2011). A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Hall first argues that his former counsel was ineffective because she failed to file a notice of appeal when he asked that she appeal. "[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (quoting *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). But the Court must first figure out whether the defendant instructed his counsel to file a notice of appeal. "When the client has neither told

his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney 'consulted' with the defendant about the benefits and drawbacks of bringing an appeal." *Regalado v. United States,* 334 F.3d 520, 525 (6th Cir. 2003).

Leichty swore in both an affidavit and during the evidentiary hearing held before Magistrate Judge Stinnett that she would have filed a notice of appeal if Hall had requested one and that she fully advised him of his appellate rights. [Record No. 37-1; Record No. 48, p. 38] Further, a letter sent by Leichty notifying Hall that she would file a notice of appeal if he asked, or that he could file one within fourteen days of judgment was presented at the evidentiary hearing. Hall explained that he never received the letter but did admit he had received everything else that Leichty sent him. Eventually, Hall admitted that he never asked Leichty to file a notice of appeal. [Record No. 48] Leichty also kept in contact with Hall's parents who never indicated that Hall wished to file a notice of appeal. [Record No. 37-1, p. 1] Further, the Court reviewed Hall's appellate rights and waiver at his change of plea hearing. [Record No. 34, pp. 20-22] In short, Hall cannot demonstrate that Leichty was ineffective for not filing a notice of appeal because he never asked her to file a notice of appeal although he clearly was advised at multiple junctures of his appellate rights.

Next, Hall asserts that his guideline range was "improperly calculated" and if Leichty had objected to his PSR he would not have received a "maximum sentence". During the evidentiary hearing, Hall was asked whether there were any objections to the PSR that should have been filed and he responded: "I have no clue." [Record No. 48, p. 21] Leichty testified that she discussed his guideline range and possible aggravating factors with both

Hall and his parents. [Record No. 48, p. 38] She told them that he was likely going to be sentenced to 120 months and tried to explain why he was looking at high sentencing exposure both before and after sentencing. [*Id*. at 39, 48] She further included in her affidavit that she explained how the sentencing guidelines were calculated and that he should anticipate a 120-month sentence. [Record No. 37-1, p. 2] The Court also discussed the sentencing guidelines and the statutory factors that Court consider in imposing punishment during Hall's change of plea hearing. [Record No. 34, pp. 16-19]

It also appears that Hall incorrectly believes that he did not receive a three-point reduction for acceptance of responsibility. [Record No. 33, p. 4] With respect to this claim, the Court notes that counsel is not ineffective for not raising a meritless argument. *See United States v. Jennings*, No. 2: 06-79-DCR, 2011 U.S. Dist. LEXIS 63741 (E.D. Ky. June 14, 2011) ("Failure to raise meritless arguments does not constitute ineffective assistance of counsel"); *see also Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

Hall asserts that there was no reason for his sentence to be 120 months. However, this Court discussed the § 3553(a) factors in determining Hall's sentence. The Court explained that a term of 120 months imprisonment was necessary because of the severity of the offense, the need to provide a measure of deterrence going forward, to protect the public, and to provide rehabilitative services. The Court further noted the original guideline range was higher than the 120-month statutory maximum. Accordingly, the undersigned concluded it would be inappropriate to depart below 120 months' of incarceration due to these factors and due to the seriousness of the offense. In summary, Hall has not shown that Leichty was ineffective for not objecting to the presentence report or his guideline range.

Finally, Hall contends that *Rehaif v. United States* provides him relief because he did not know that he could not possess a firearm. Under *Rehaif*, the government must show both that a defendant knowingly possessed a firearm and knew that he or she had the relevant status restricting his or her ability to possess a firearm at the time he or she possessed it to be convicted of being a felon in possession of a firearm. 139 S. Ct. 2191, 2194 (2019). Courts following the decision *Rehaif* have declined to vacate a criminal defendant's sentence if they plead guilty because the guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see, e.g., United States v. Bain*, No. 5:18-029-KKC-MAS-1, 2020 U.S. Dist. LEXIS 13092, at *4 (E.D. Ky. Jan. 7, 2020), *adopted by* 2020 U.S. Dist. LEXIS 11986 (E.D. Ky. Jan. 24, 2020); *Malone v. United States*, 1:17CV2290, 2019 U.S. Dist. LEXIS 21673, at *8 (N.D. Ohio Dec. 23, 2019).

Here, Hall acknowledged in his plea agreement that he knew he had a prior felony conviction and that he "knowingly possessed a firearm" following that conviction. [Record No. 21, p. 1] Further, Hall affirmed at his change of plea hearing that he discussed the plea agreement with his attorney and he understood its terms and conditions. [Record No. 34, p. 10] And Hall further explained that he was guilty of "being a felon in possession of [the] firearms" and he acknowledged that he had a felony conviction at the time he possessed them. [*Id*. at 25-26] Accordingly, *Rehaif* does not provide Hall any relief.

### III.

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S.

322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find this Court's assessment debatable or wrong. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 49] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Adam Hall's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 29] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability will not issue.

Dated: March 18, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky